≪JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
DISH NETWORK L.L.C, ECHOSTAR TECHNOLOGIES L.L.C., AND NAGRASTAR LLC

**(b)** County of Residence of First Listed Plaintiff   ARAPAHOE, CO
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Karie N. Wilson; Alverson Taylor Mortensen & Sanders; 7401 W. Charleston Blvd., Las Vegas, Nevada 89117; Tel: (702) 384-7000

**DEFENDANTS**
JAMES ASHWORTH

County of Residence of First Listed Defendant   CLARK, NV
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)
Unknown

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff
☒ 3  Federal Question (U.S. Government Not a Party)
☐ 2  U.S. Government Defendant
☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☒ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 463 Habeas Corpus - Alien Detainee | | |
| | | | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
17 U.S.C. 1201; 47 U.S.C. 605; 18 U.S.C. 2511, 2520
Brief description of cause:
Defendant is engaged in satellite television piracy.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $   110,000.00
CHECK YES only if demanded in complaint:
JURY DEMAND:  ☐ Yes  ☒ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):  JUDGE _____   DOCKET NUMBER _____

DATE
03/09/2012

SIGNATURE OF ATTORNEY OF RECORD
*Karie N. Wilson*

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

1  J. BRUCE ALVERSON, ESQ.
   Nevada Bar No. 1339
2  KARIE N. WILSON, ESQ.
   Nevada Bar No. 7957
3  **ALVERSON TAYLOR**
   **MORTENSEN & SANDERS**
4  7401 W. Charleston Boulevard
   Las Vegas, NV 89117
5  702-384-7000 Phone
   702-385-7000 Fax
6
   STEPHEN M. FERGUSON (pro hac vice to be filed)
7  stephen.ferguson@hnbllc.com
   **HAGAN NOLL & BOYLE LLC**
8  Two Memorial City Plaza
   820 Gessner, Suite 940
9  Houston, Texas 77024
   713-343-0478 Phone
10 713-758-0146 Fax

11 Attorneys for Plaintiffs

12          **UNITED STATES DISTRICT COURT**
13              **DISTRICT OF NEVADA**

14  DISH NETWORK L.L.C., ECHOSTAR          CASE NO:
    TECHNOLOGIES L.L.C., and
15  NAGRASTAR, L.L.C.,

16                      Plaintiffs,

17  v.

18  JAMES ASHWORTH,

19                      Defendant.

20

21          **PLAINTIFFS' ORIGINAL COMPLAINT**

22      Plaintiffs DISH Network L.L.C., EchoStar Technologies L.L.C., and NagraStar LLC file

23  this complaint against the above-named defendant and state as follows:

24  . . .

                              1

ALVERSON, TAYLOR, MORTENSEN & SANDERS
LAWYERS
7401 WEST CHARLESTON BOULEVARD
LAS VEGAS, NEVADA 89117-1401
(702) 384-7000

ALVERSON, TAYLOR, MORTENSEN & SANDERS
LAWYERS
7401 WEST CHARLESTON BOULEVARD
LAS VEGAS, NEVADA 89117-1401
(702) 384-7000

**JURISDICTION AND VENUE**

1.      This action alleges violations of the Digital Millennium Copyright Act, 17 U.S.C. § 1201 *et seq.*, the Communications Act of 1934, as amended, 47 U.S.C. § 605 *et seq.*, and the Electronic Communications Privacy Act, 18 U.S.C. § 2511 *et seq.*  Subject matter jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1331 and 1338.

2.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because Defendant is believed to reside in this judicial district, can be found in this judicial district and is subject to *in personam* jurisdiction here, and a substantial part of the events giving rise to this action occurred in this judicial district.  Venue is also proper in this Court under 28 U.S.C. § 1400(a) because this case asserts claims relating to the protection of copyrighted works.

3.      This Court has personal jurisdiction over Defendant, who is believed to reside in and conduct business within the State of Nevada.

**PARTIES**

4.      Plaintiff DISH Network L.L.C. is a Colorado limited liability company with its principal place of business located at 9601 South Meridian Blvd., Englewood, Colorado 80112.

5.      Plaintiff EchoStar Technologies L.L.C. is a Texas limited liability company with its principal place of business located at 90 Inverness Circle East, Englewood, Colorado 80112.

6.      Plaintiff NagraStar LLC is a Colorado limited liability company with its principal place of business located at 90 Inverness Circle East, Englewood, Colorado 80112.

7.      Defendant James Ashworth is an individual believed to be residing or doing business at 3111 S. Valley View Blvd., Las Vegas, Nevada 89102, Clark County.

**NATURE OF THE ACTION**

8.      Defendant unlawfully circumvented the DISH Network security system and received copyrighted, subscription-based DISH Network satellite television programming

2

KNW 19833

ALVERSON, TAYLOR, MORTENSEN & SANDERS
LAWYERS
7401 WEST CHARLESTON BOULEVARD
LAS VEGAS, NEVADA 89117-1401
(702) 384-7000

1  without authorization and without payment to DISH Network.  Defendant accomplished this in

2  part by subscribing to a pirate television service operated by www.dark-angel.ca ("Dark Angel").

3  DISH Network sued Dark Angel in Canada and seized Dark Angel's business records and

4  computer server as part of that lawsuit.  Dark Angel's records show that Defendant subscribed to

5  Dark Angel's pirate television service, allowing Defendant to illegally decrypt DISH Network's

6  satellite signal and view copyrighted satellite television programming without authorization from

7  DISH Network.    Defendant's acts violate the Digital Millennium Copyright Act,

8  Communications Act of 1934, and Electronic Communications Privacy Act.

9  **DISH NETWORK SATELLITE TELEVISION PROGRAMMING**

10  9.    DISH Network is a multi-channel video provider that delivers video, audio, and

11  data services via a direct broadcast satellite system to approximately 14 million subscribers.

12  10.    DISH Network uses high-powered satellites to broadcast, among other things,

13  movies, sports and general entertainment services to consumers who have been authorized to

14  receive such services after payment of a subscription fee, or in the case of a pay-per-view movie

15  or event the purchase price.

16  11.    DISH Network contracts for and purchases the distribution rights for most of the

17  programming broadcast on the DISH Network platform from providers such as network

18  affiliates, pay and specialty broadcasters, cable networks, motion picture distributors, sports

19  leagues, and other holders of programming rights.

20  12.    The works broadcast on the DISH Network platform are copyrighted.  DISH

21  Network has the authority of the copyright holders to protect these works from unauthorized

22  reception and viewing.

23  13.    DISH Network programming is digitized, compressed, and scrambled prior to

24  being transmitted to multiple satellites located in geo-synchronous orbit above Earth.   The

3

1    satellites, which have relatively fixed footprints, then relay the encrypted signal back down to

2    Earth where it can be received by DISH Network subscribers that have the necessary equipment.

3        14.    A DISH Network satellite television system consists of a compatible dish antenna,

4    receiver, smart card which in some instances is internalized in the receiver, television, and

5    cabling to connect the various components.    EchoStar Technologies designs and distributes

6    receivers, dish antenna, and other equipment for the DISH Network satellite television system.

7        15.    NagraStar provides smart cards and other technology to DISH Network that are

8    part of a proprietary conditional access system known as Digital Nagra Advanced Security

9    Process. DISH Network, in turn, provides the smart cards to its authorized subscribers.

10        16.    The NagraStar conditional access system performs two interrelated functions:

11    first, subscriber rights management, which allows DISH Network to "turn on" and "turn off"

12    programming a customer ordered, cancelled, or changed; and second, protection of control words

13    that are meant to descramble the DISH Network satellite signal, which prevents unauthorized

14    reception and viewing of DISH Network programming.

15        17.    An integral part of NagraStar's conditional access system is a smart card that

16    contains a secure embedded microprocessor which functions as a security computer.  To put the

17    smart card in context, the EchoStar Technologies receiver processes an incoming DISH Network

18    satellite signal by locating an encrypted part of the transmission known as the entitlement control

19    message and forwards that message to the smart card.  Provided that the subscriber is tuned to a

20    channel he is authorized to watch, the smart card uses its decryption keys to unlock the message,

21    uncovering a control word.  The control word is then transmitted back to the receiver in order to

22    decrypt the DISH Network satellite signal.

23        18.    Together, the EchoStar Technologies receiver and NagraStar smart card convert

24    DISH Network's encrypted satellite signal into viewable programming that can be displayed on

ALVERSON, TAYLOR, MORTENSEN & SANDERS
LAWYERS
7401 WEST CHARLESTON BOULEVARD
LAS VEGAS, NEVADA 89117-1401
(702) 384-7000

4

KNW 19833

1  the attached television of a DISH Network subscriber. Each receiver and smart card is assigned a

2  unique serial number which is used by DISH Network when activating the equipment, and to

3  ensure the equipment only decrypts programming that the customer is authorized to receive as

4  part of his subscription package and pay-per-view purchases.

5                    **PIRACY OF DISH NETWORK PROGRAMMING**

6         19.    Various devices and services have appeared on the black market over the years

7  for the purpose of illegally decrypting or "pirating" DISH Network programming.  The black

8  market in piracy devices and services represents a multimillion-dollar industry in the United

9  States.

10         20.    One form of satellite piracy is known as "control word sharing," also called

11  "internet key sharing" or more simply "IKS."  IKS involves the use of an unauthorized receiver,

12  piracy software, and an internet connection.  Piracy software is loaded onto the receiver and the

13  end-user connects the receiver to the internet via a built-in ethernet port or dongle. The internet

14  connection serves two piracy-related purposes: first, it automatically updates piracy software on

15  the receiver when the user responds "yes" to an on-screen menu prompt; and second, the internet

16  connection contacts a computer server which in turn provides the necessary codes or control

17  words needed to decrypt or descramble the encrypted DISH Network television programming.

18         21.    The pirate computer server, called an "IKS server," is typically assembled by

19  combining several EchoStar satellite receivers with embedded NagraStar smart cards and

20  connecting those receivers to a computer server.  The person operating the server will typically

21  activate a single paid DISH Network subscription for each of the EchoStar satellite receivers

22  and, utilizing pirate software and technology, will monitor the receivers and extract the secret

23  descrambling codes or "control words" from these paid accounts.  The pirate computer server

24  will then send these codes out over the internet to end-users whose computers and receivers are

ALVERSON, TAYLOR, MORTENSEN & SANDERS
LAWYERS
7401 WEST CHARLESTON BOULEVARD
LAS VEGAS, NEVADA 89117-1401
(702) 384-7000

5

KNW 19833

ALVERSON, TAYLOR, MORTENSEN & SANDERS
LAWYERS
7401 WEST CHARLESTON BOULEVARD
LAS VEGAS, NEVADA 89117-1401
(702) 384-7000

1    programmed to receive the descrambling control words and will utilize those control words to

2    descramble DISH Network programming without a separate, authorized subscription or payment

3    of a subscription fee to DISH Network.

4        22.    Dark Angel was a pirate IKS television service that provided end-users computer

5    software and decryption codes needed to descramble DISH Network television programming

6    without authority and without payment of a subscription fee to DISH Network.

7                    **DEFENDANT'S WRONGFUL CONDUCT**

8        23.    In a separate lawsuit, DISH Network seized Dark Angel's business records and

9    Dark Angel's IKS server that provided the descrambling control words to pirate end users for use

10   in descrambling DISH Network's satellite signal.

11       24.    Dark Angel's business records show that Defendant purchased a subscription to

12   Dark Angel's pirate IKS television service on or about June 1, 2010.

13       25.    Defendant utilized the Dark Angel's pirate IKS television service and server to

14   obtain DISH Network's descrambling control words to illegally receive and descramble DISH

15   Network copyrighted television programming.

16       26.    To access the IKS server, Defendant used a pirate satellite receiver loaded with

17   piracy software, which is a software device designed to circumvent the technological measures

18   used to protect access to copyright television programming.  Each time Defendant tuned his

19   pirate satellite receiver to a scrambled DISH Network television channel, the pirate satellite

20   receiver would access the Dark Angel pirate IKS television service and server to request the

21   descrambling control word for that particular channel, the Dark Angel server would return the

22   control word, and Defendant would descramble the encrypted signal and view the television

23   programming without authorization.

24   . . .

27.     Defendant's intentional interception of DISH Network's satellite transmissions of television programming and descrambling control words causes actual and imminent irreparable harm to Plaintiffs for which there is no adequate remedy at law.  Through IKS piracy, Defendant has unlimited access to DISH Network programming, including premium and pay-per-view channels, resulting in an unlimited and unknown amount of revenues being diverted from Plaintiffs.  In addition to lost revenue, Defendant's actions cause harm to Plaintiffs in the form of increased anti-piracy costs as well as loss of reputation and goodwill.

## CLAIMS FOR RELIEF

### COUNT 1

**Circumventing an Access Control Measure in Violation of the Digital Millennium Copyright Act, 17 U.S.C. § 1201(a)(1)**

28.     Plaintiffs repeat and reallege the allegations in the proceeding paragraphs as if set forth fully herein.

29.     Defendant circumvented the DISH Network security system in violation of 17 U.S.C. § 1201(a)(1) by the acts set forth above, including obtaining DISH Network's control words from the IKS server and using the control words to view DISH Network's satellite transmissions of television programming.

30.     The DISH Network security system is a technological measure that effectively controls access to, copying, and distribution of copyrighted works.  Defendant's actions that constitute violations of 17 U.S.C. § 1201(a)(1) were  performed without permission, consent, or authorization of DISH Network or any owner of copyrighted programming broadcast on the DISH Network platform.

31.     Defendant violated 17 U.S.C. § 1201(a)(1) willfully and for purposes of commercial advantage or private financial gain.

ALVERSON, TAYLOR, MORTENSEN & SANDERS
LAWYERS
7401 WEST CHARLESTON BOULEVARD
LAS VEGAS, NEVADA 89117-1401
(702) 384-7000

7

KNW 19833

32.      Defendant knew or should have known his actions were illegal and prohibited. Such violations have and will continue to cause damage to DISH Network in an amount to be proven at trial.  Unless restrained and enjoined by the Court, Defendant will continue to violate 17 U.S.C. § 1201(a)(1).

## COUNT II

**Receiving Satellite Signals Without Authorization in Violation of the**

**Communications Act, 47 U.S.C. § 605(a)**

33.      Plaintiffs repeat and reallege the allegations in the proceeding paragraphs as if set forth fully herein.

34.      Defendant engaged in the unauthorized reception of DISH Network's satellite transmissions of television programming as described above, including by receiving descrambling control words from the pirate IKS server, in violation of 47 U.S.C. § 605(a).

35.      Defendant violated 47 U.S.C. § 605(a) willfully and for purposes of commercial advantage or private financial gain.

36.      Defendant knew or should have known his actions were illegal and prohibited. Such violations have and will continue to cause damage to DISH Network in an amount to be proven at trial.  Unless restrained and enjoined by the Court, Defendant will continue to violate 47 U.S.C. § 605(a).

## COUNT III

**Intercepting Satellite Signals in Violation of the Electronic Communications**

**Privacy Act, 18 U.S.C. §§ 2511(1)(a) and 2520**

37.      Plaintiffs repeat and reallege the allegations in the proceeding paragraphs as if set forth fully herein.

. . .

ALVERSON, TAYLOR, MORTENSEN & SANDERS
LAWYERS
7401 WEST CHARLESTON BOULEVARD
LAS VEGAS, NEVADA 89117-1401
(702) 384-7000

8

KNW 19833

38.     Defendant's actions described above, including the interception of DISH Network's satellite transmissions of television programming upon receiving descrambling control words from the pirate IKS server, violate 18 U.S.C. § 2511(1)(a) and § 2520.

39.     Defendant violated 18 U.S.C. §§ 2511(1)(a) and 2520 for tortious and illegal purposes, or for commercial advantage or private financial gain.

40.     Defendant's interception was intentional, and therefore illegal and prohibited. Such violations have and will continue to cause damage to DISH Network in an amount to be proven at trial.  Unless restrained and enjoined by the Court, Defendant will continue to violate 18 U.S.C. §§ 2511(1)(a), 2520.

## PRAYER FOR RELIEF

WHEREFORE, DISH Network L.L.C., EchoStar Technologies L.L.C., and NagraStar LLC seek judgment against Defendant as follows:

A.     For a grant of permanent injunctive relief restraining and enjoining Defendant, and his employees, agents, representatives, attorneys, and all persons acting or claiming to act on his behalf or under his direction or authority, and all persons acting in concert or in participation with him, from circumventing the DISH Network security system or receiving without authorization DISH Network's satellite transmissions of television programming;

B.     For an order impounding all unauthorized receivers, dongles, software, and other devices, components, or parts thereof in the custody or control of Defendant that the Court has reasonable cause to believe were involved in a violation of the Digital Millennium Copyright Act, 17 U.S.C. § 1201 or the Communications Act, 47 U.S.C. § 605;

C.     Award DISH Network the greater of its actual damages together with any profits made by Defendant that are attributable to the violations alleged herein, or statutory damages in

ALVERSON, TAYLOR, MORTENSEN & SANDERS
LAWYERS
7401 WEST CHARLESTON BOULEVARD
LAS VEGAS, NEVADA 89117-1401
(702) 384-7000

9

KNW 19833

1  the amount of up to $2,500 for each violation of 17 U.S.C. § 1201(a)(1), pursuant to 17 U.S.C.

2  §§ 1203(c)(2) and 1203(c)(3)(A);

3      D.    Award DISH Network the greater of its actual damages together with any profits

4  made by Defendant that are attributable to the violations alleged herein, or statutory damages in

5  the amount of up to $10,000 for each violation of 47 U.S.C. § 605(a), pursuant to 47 U.S.C. §

6  605(e)(3)(C)(i).  DISH Network seeks to increase that amount up to $100,000 for each violation,

7  at the Court's discretion, in accordance with 47 U.S.C. § 605(e)(3)(C)(ii);

8      E.    Award DISH Network the greater of its actual damages together with any profits

9  made by Defendant that are attributable to the violations alleged herein, or statutory damages in

10  the amount of $100 per day for each violation of 18 U.S.C. §§ 2511(1)(a) or $10,000, pursuant to

11  18 U.S.C. § 2520(c)(2);

12      F.    Award DISH Network punitive damages pursuant to 18 U.S.C. § 2520(b)(2);

13      G.    For an award of DISH Network's costs, reasonable attorneys' fees, and

14  investigative expenses pursuant to 17 U.S.C. § 1203(b)(4)-(5), 47 U.S.C. § 605(e)(3)(B)(iii), and

15  18 U.S.C. § 2520(b)(3);

16      H.    For pre- and post-judgment interest on all damages, from the earliest date

17  permitted by law at the maximum rate permitted by law; and

18  . . .

19  . . .

20  . . .

21  . . .

22  . . .

23  . . .

24  . . .

ALVERSON, TAYLOR, MORTENSEN & SANDERS
LAWYERS
7401 WEST CHARLESTON BOULEVARD
LAS VEGAS, NEVADA 89117-1401
(702) 384-7000

KNW 19833

I.      For such additional relief as the Court deems just and equitable.

Dated this 9th day of March, 2012.

ALVERSON, TAYLOR
MORTENSEN & SANDERS

_Karie N. Wilson_

J. BRUCE ALVERSON, ESQ.
Nevada Bar No. 1339
KARIE N. WILSON, ESQ.
Nevada Bar No. 7957
**ALVERSON TAYLOR**
**MORTENSEN & SANDERS**
7401 W. Charleston Boulevard
Las Vegas, NV 89117
702-384-7000 Phone
702-385-7000 Fax

STEPHEN M. FERGUSON
(pro hac vice to be filed)
stephen.ferguson@hnbllc.com
**HAGAN NOLL & BOYLE LLC**
Two Memorial City Plaza
820 Gessner, Suite 940
Houston, Texas 77024
713-343-0478 Phone
713-758-0146 Fax

Attorneys for Plaintiffs

n:\bruce.grp\z-client\19833\pleadings\complaint.docx

ALVERSON, TAYLOR, MORTENSEN & SANDERS
LAWYERS
7401 WEST CHARLESTON BOULEVARD
LAS VEGAS, NEVADA 89117-1401
(702) 384-7000

11

KNW 19833