1
2
3
4
5
6

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

7   DISH NETWORK, LLC, et al.,                    )
8                              Plaintiffs,        )        Case No. 2:12-cv-00388-LRH-PAL
                                                  )
9   vs.                                           )        **ORDER**
                                                  )
10  JAMES ASHWORTH,                               )        (Mot Compel Past Due Resp. - Dkt. #14)
                                                  )
11                             Defendant.         )
                                                  )
12  _____     )

13         The court conducted a hearing on Plaintiffs' Motion to Compel Defendant's Past Due Discovery
14  Responses and Disclosures (Dkt. #14) on August 28, 2012.  Stephen Ferguson appeared telephonically
15  and Mary Schaan appeared in person, both on behalf of the Plaintiffs. Counsel for Defendant, Shawn
16  Mangano did not appear or file a response to the motion.

17         The motion to compel seeks an order compelling the Defendant to respond to Plaintiffs' first set
18  of interrogatories and first set of requests for production served on June 7, 2012.  Responses were due
19  July 10, 2012.  At the time the motion to compel was filed, no responses had been received.  Counsel
20  for Plaintiffs made several attempts to confer with counsel for Defendant by email, regular mail, and
21  leaving voice mail messages between July 13, 2012, and July 23, 2012, when this motion was filed.
22  Counsel for Defendant did not respond to any of these attempts to resolve this dispute without the
23  court's intervention.  Additionally, the court's scheduling order required the parties to exchange initial
24  disclosures by June 15, 2012.  Dish Network provided its disclosures, but Defendant had yet to provide
25  any initial disclosures at the time the motion was filed.

26         Counsel for Defendant did not respond to the motion or any of the attempts to resolve this
27  dispute without the court's intervention.  Counsel for Defendant did not appear at the hearing, request a
28  continuance, or otherwise advise the court that he was unavailable.  At the hearing, Mr. Ferguson

advised the court that approximately one hour before the scheduled hearing he received an email communication from Mr. Mangano, counsel for the Defendant.  The email apologized for his failures to respond,  and indicated that counsel's mother had medical issues that had demanded his attention.  The email assured counsel for Plaintiffs that Mr. Mangano would serve the Plaintiffs with responses to outstanding discovery requests within ten days, participate in discovery.  Mr Mangano  requested that opposing counsel agree to take the hearing off calendar.  Counsel for Plaintiffs declined the request that the matter be taken off calendar.  However, based on counsel for Defendant's assurances that he would promptly serve responses and participate in discovery prospectively, counsel for Plaintiffs asked that the court enter an order compelling the Defendant to respond to the outstanding discovery responses and disclosures addressed in the motion, but that sanctions not be imposed at this time.

Mr. Mangano has not responded to the Plaintiffs' outstanding discovery requests served June 7, 2012, complied with the court's Order (Dkt. #13) requiring the parties to exchange initial disclosures by June 15, 2012, responded to the motion to compel, and did not appear at the hearing.  The court will therefore grant the motion to compel and warn Mr. Mangano and his client that failure to comply with the court's discovery plan and scheduling order, this and other orders of the court and cooperate in discovery may result in sanctions, up to and including a recommendation to the district judge that case-dispositive sanctions be entered against the Defendant.  Additionally, the court will consider sanctions against Mr. Mangano if it appears that it is his failure, rather than that of his client, to comply with his discovery obligations, and the orders of this court.

**IT IS ORDERED** that:

1. Plaintiff's Motion to Compel Defendant's Past Due Discovery Responses and Disclosures (Dkt. #14) is **GRANTED**.

2. Defendant shall have until September 11, 2012, to serve full and complete responses to Plaintiffs' first set of interrogatories and first set of requests for production served June 7, 2012, and to provide the initial disclosures required by Fed. R. Civ. P. 26(a)(1).

3. As Mr. Mangano communicated with opposing counsel an hour before the hearing and assured opposing counsel that he and his client would fully comply with their discovery obligations and participate in discovery moving forward, the court will not award

2

sanctions at this time.  However, Mr. Mangano and his client are warned that failure to comply with this court's orders, and failure to comply with their outstanding discovery obligations may result in severe sanctions, up to and including case-dispositive sanctions against the Defendant.  Additionally, the court may consider sanctions against counsel jointly or severally including the reasonable expenses incurred by counsel for Plaintiffs.

Dated this 28th day of August, 2012.


_____
Peggy A. Leen
United States Magistrate Judge

3